IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| JAMES E. BOOTHBY, | : | |
|---|---|---|
| | : | 4:09-cv-1399 |
| Plaintiff, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. J. Andrew Smyser |
| GLENN C. DRAKE II, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM**

**November 9, 2010**

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge J. Andrew Smyser (Doc. 39), filed on October 5, 2010, which recommends that we grant Defendants' Motion for Summary Judgment (Doc. 29) and close this case.

Plaintiff filed objections to the R&R (Docs. 46 and 47). Defendants filed a brief in opposition to the Plaintiff's objections. (Doc. 48). Accordingly, this matter is ripe for disposition. For the reasons set forth below, the Court will adopt the R&R, grant the Defendants' Motion for Summary Judgment, and close this case.

**I.    STANDARDS OF REVIEW**

1

### A. Review of Magistrate Judge's R&R

When objections are filed to the report of a magistrate judge, the district court makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objections are made. 28 U.S.C. § 636(b)(1); *United States v. Raddatz*, 447 U.S. 667, 674-75 (1980). The court may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. *Id.* Although the standard of review is *de novo*, 28 U.S.C. § 636(b)(1) permits whatever reliance the district court, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations. *Raddatz*, 447 U.S. at 674-75; *see also Mathews v. Weber*, 423 U.S. 261, 275 (1976); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

### B. Summary Judgment

Summary judgment is appropriate if the record establishes "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant meets this burden by pointing to an absence of evidence supporting an essential element as to which the non-moving party will bear the burden of proof at trial. *Id.* at 325. Once the

moving party meets its burden, the burden then shifts to the non-moving party to show that there is a genuine issue for trial. Fed. R. Civ. P. 56(e)(2). An issue is "genuine" only if there is a sufficient evidentiary basis for a reasonable jury to find for the non-moving party, and a factual dispute is "material" only if it might affect the outcome of the action under the governing law. *Anderson v. Liberty Lobby, Inc*, 477 U.S. 242, 248-49 (1986).

In opposing summary judgment, the non-moving party "may not rely merely on allegations of denials in its own pleadings; rather, its response must ... set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). The non-moving party "cannot rely on unsupported allegations, but must go beyond pleadings and provide some evidence that would show that there exists a genuine issue for trial." *Jones v. United Parcel Serv.*, 214 F.3d 402, 407 (3d Cir. 2000). Arguments made in briefs "are not evidence and cannot by themselves create a factual dispute sufficient to defeat a summary judgment motion." *Jersey Cent. Power & Light Co. v. Twp. of Lacey*, 772 F.2d 1103, 1109-10 (3d Cir. 1985). However, the facts and all reasonable inferences drawn therefrom must be viewed in the light most favorable to the non- moving party. *P.N. v. Clementon Bd. of Educ.*, 442 F.3d 848, 852 (3d Cir. 2006).

Summary judgment should not be granted when there is a disagreement about the facts or the proper inferences that a factfinder could draw from them. *Peterson v. Lehigh Valley Dist. Council*, 676 F.2d 81, 84 (3d Cir. 1982). Still, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; there must be a *genuine* issue of *material* fact to preclude summary judgment." *Anderson*, 477 U.S. at 247-48.

## II. FACTS

Plaintiff James E. Boothby ("Plaintiff" or "Boothby") claims that he was charged with a crime and arrested by the defendants, Glenn C. Drake, II ("Drake") and Jacob Rothermel ("Rothermel"), two Pennsylvania State Police Troopers (collectively "the Troopers" or "Defendants"), in violation of his Fourth Amendment rights because the charges brought against him were not supported by probable cause.

The Plaintiff was employed by the Potter County Human Services Department from 1987 to 2008. In 2008, Plaintiff was disciplined for missing a deadline. Plaintiff was later suspended by the Potter County Commissioners after he had been charged with animal cruelty, a summary offense. Plaintiff then elected

4

to retire so as to keep his pension and benefits. Plaintiff had thus terminated his employment prior to September 5, 2008.

On the morning of September 5, 2008, Melissa Gee ("Gee") and Rick Kunselman ("Kunselman"), former co-workers of Plaintiff, found a device that resembled a pipe bomb on the top of a filing cabinet in what had been Plaintiff's cubicle. The device was two pipes taped together with a battery and with wires coming out of one end. Upon viewing the object, Gee and Kunselman contacted the Human Services Administrator, who told Gee to call the police.

The Pennsylvania State Police responded to the Human Services Building and ordered its evacuation. The bomb squad took control of the object in Plaintiff's cubicle, and ultimately it was determined not to be a bomb after attempted detonation. The Troopers observed an open window in the proximity of the filing cabinet upon which the bomb-like device sat. It was also reported to the Troopers that the door to the Human Services building had been unlocked that morning when the earliest arrivee reported to work.

Plaintiff had been scheduled to come to the Human Services Building on the morning of September 5, 2008 to retrieve his personal belongings from his cubicle. The bomb device was discovered prior to his arrival that morning. Upon his arrival, he was placed into custody by the Pennsylvania State Police. Plaintiff told

the Troopers that he had constructed the device four or five years prior to the date of its discovery, and had used it as a "prop" for a safety training exercise. Plaintiff told defendant Drake that he tried to make the device appear realistic and that a lot of people would verify that he had used the device in a safety exercise and that he had shown it to people. Plaintiff also told Drake that the device had sat in the same spot in his cubicle for the last four or five years.

The Troopers interviewed other Human Services employees and none of those interviewed stated that they had ever seen the pipe bomb before that morning. Notably Gee, who sat in the cubicle directly next to Plaintiff, stated to the Troopers that she had never seen the device before. None of those interviewed recalled a presentation by the Plaintiff involving the pipe bomb or that the pipe bomb had been used as a part of a safety exercise. Co-workers informed the Troopers that Andy Kulp had made bomb-like devices for disaster drills, not Plaintiff, and that Kulp's devices were made in a manner so that they were obviously fake. Additionally, some co-workers reported to the Troopers that the Plaintiff was disgruntled and bitter about his forced retirement.

The Troopers prepared an affidavit of probable cause to support charging the Plaintiff with causing or risking a catastrophe and disorderly conduct.[1] The

---

[1] We shall not recite the contents of the affidavit herein, but direct the reader to pages 11 and 12 of the R&R. (Doc. 39).

charges were lodged, Plaintiff was arraigned and, on September 6, 2008, he was released on bail. A preliminary hearing was conducted on October 6, 2008, and at that hearing, the magisterial district judge dismissed the charges based on a lack of probable cause. As noted above, this lawsuit alleging violation of the Plaintiff's Fourth Amendment rights was filed on July 20, 2009.

### III. DISCUSSION

Magistrate Judge Smyser recommends that Defendants' summary judgment motion be granted because there is no genuine factual dispute as to the existence of the probable cause for the Plaintiff's arrest on September 5, 2008.

As discussed by Magistrate Judge Smyser, probable cause to arrest exists when the facts and circumstances within the officer's knowledge are sufficient to warrant a reasonable person to believe that an offense has been or is being committed by person to be arrested. *Orisatti v. New Jersey State Police*, 71 F. 3d 480, 483 (3d Cir. 1995). Probable cause requires more than a mere suspicion, however it "does not require the officer [to] have evidence sufficient to prove guilt beyond a reasonable doubt." *Id.* at 482-483.

In a Fourth Amendment § 1983 action alleging seizure of a person in violation of the Fourth Amendment, the issue of whether there was probable cause to arrest is generally a question for the jury. *Merkle v. Upper Dauphin School*

*Dist.*, 211 F. 3d 782, 788 (3d Cir. 2000). However, where no genuine issue as to any material fact exists and where credibility conflicts are absent, judgment as a matter of law may be appropriate. *Sharrar v. Felsing*, 128 F. 2d 810, 818 (3d Cir. 1997). "The question is for the jury only if there is sufficient evidence whereby a jury could reasonably find that the police officers did not have probable cause to arrest." *Id.*

Thus, the determination made by Magistrate Judge Smyser that is for our *de novo* consideration in the face of Plaintiff's objections is whether a genuine dispute exists as to whether the Troopers had probable cause to believe the Plaintiff had committed the offenses of risking or causing a catastrophe and disorderly conduct.

18 Pa. C.S.A. § 3302, Causing or Risking a Catastrophe, provides, in pertinent part:

> (b) Risking catastrophe. – A person is guilty of a felony of the third degree if he recklessly creates a risk of catastrophe in the employment of fire, explosives or other dangerous means listed in subsection (a) of this section.

18 Pa. C.S.A. § 5503, Disorderly Conduct, provides, in pertinent part:

> (a) Offense defined. – A person is guilty of disorderly conduct if, with intent to cause public inconvenience, annoyance or alarm, or fecklessly creating a risk thereof, he:
>
> > (1) engages in fighting or threatening, or in violent or tumultuous behavior; . . .

(4) creates a hazardous or physically offensive condition by any act that serves no legitimate purpose of the actor.

As Magistrate Judge Smyser concluded, and as we wholly agree, the if the Troopers had a basis in the facts and circumstances apparent to them to reasonably believe that the Plaintiff had planned to cause injury or damage by means of a bomb or had recklessly created the risk of injury by means of placing a bomb in a public office building, then they had probable cause to arrest him for violations of the above-referenced statutes.

Upon our review of the facts, as we have recited herein, we, like Magistrate Judge Smyser, find no genuine dispute as to whether the Defendants had probable cause to arrest Plaintiff. The Defendants responded to a report of a bomb inside a public office building, and the bomb was located inside the cubicle of a worker who had recently been forced to retire and was considered to be bitter and disgruntled as a result. The Plaintiff's co-workers reported that they had never seen the device before, directly contradicting the Plaintiff's statement that it had been in plain view on top of the cabinet for several years. Further, no employees corroborated Plaintiff's account that the device had been constructed and used in a previously conducted safety drill. In fact, co-workers stated that fellow employee Andy Kulp had previously created fake bomb devices that were noticeably fake, unlike the device located in Plaintiff's cubicle. Moreover, the window adjacent to

Plaintiff's cubicle was open that morning and the Troopers were advised by the earliest arrivee at work that morning that the door was unlocked. It is important to note that a finding of probable cause is not a formulaic determination, but rather rests on an analysis of the "totality of the circumstances." *Illinois v. Gates*, 462 U.S. 213, 230-31 (1982). We find, based on a view of the totality of the circumstances of the factual record, that no genuine issue of factual dispute exists as to whether th Troopers had probable cause to arrest the Plaintiff on September 5, 2008, because they most assuredly did have ample probable cause. To reiterate then, we fully agree with the well-reasoned analysis of the learned Magistrate Judge, and will now adopt it as our own.

## IV. CONCLUSION

Accordingly, we shall adopt Magistrate Judge Smyser's recommendation that the Defendants' Motion for Summary Judgment be granted. An appropriate Order shall issue.